ORIGINAL

FILED

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2007 MAY 14  PM 2:57

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

-----------------------------------------------------------------

**JOE HAND PROMOTIONS, INC.,**
as Broadcast Licensee of the **October 14, 2006**
**UFC 64 Event,**

                        Plaintiff,

            -against-

STEVE A. GARCIA, Individually and as
officer, director, shareholder and/or principal of
UPRISING LLC d/b/a SHADOWS, and
UPRISING LLC d/b/a SHADOWS,

                        Defendants.

-----------------------------------------------------------------

**COMPLAINT**

Civil Action No.

**SA07CA0419OG**

      Plaintiff, **JOE HAND PROMOTIONS, INC.,** (Hereinafter "Plaintiff"), by their attorneys,

LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and

alleges, upon information and belief, as follows:

**JURISDICTION AND VENUE**

    1.  This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

    2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

Section 1331, which states that the district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States.

    3.  Upon information and belief, venue is proper in this court because, <u>inter alia,</u> all

defendants reside within the State of Texas (28 U.S.C. § 1391(b) and  28 U.S.C. §124(d)(4)).

-1-

4.  This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length.  The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of Texas.

## THE PARTIES

5.  The plaintiff is a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

6.  Upon information and belief the defendant, STEVE A. GARCIA, residing at 2618 Grayson Way, San Antonio, Texas 78232-1809.

7.  Upon information and belief the defendant, STEVE A. GARCIA, is an officer, director, shareholder and/or principal of UPRISING LLC d/b/a SHADOWS, of that he is doing business as UPRISING LLC d/b/a SHADOWS.

8.  Upon information and belief the defendant, STEVE A. GARCIA, was the individual with supervisory capacity and control over the activities occurring within the establishment on October 14, 2006.

9.  Upon information and belief the defendant, STEVE A. GARCIA, received a financial benefit from the operations of UPRISING LLC d/b/a SHADOWS on October 14, 2006.

10. Upon information and belief, the defendant, UPRISING LLC d/b/a SHADOWS, is a business entity, the exact nature of which is unknown, having its principal place of business at 420 East Houston Street, San Antonio, Texas   78205-2616, and has a registered agent of Matthew L.

Finch, located at 123 South Flores, San Antonio, Texas   78204.

11.  Upon information and belief, the defendant, UPRISING LLC d/b/a SHADOWS, is a Domestic Corporation, incorporated and licensed to do business in the  State of Texas.

12.  Upon information and belief, the defendant, UPRISING LLC d/b/a SHADOWS, is a partnership licensed to do business in the State of Texas.

13. Upon information and belief, the defendant, UPRISING LLC d/b/a SHADOWS, is a sole proprietorship licensed to do business in the State of Texas.


## COUNT I

14.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "13", inclusive, as though set forth herein at length.

15.  By contract, plaintiff was granted the right to distribute the **UFC 64 EVENT** program (this includes all undercard bouts and the entire television broadcast) scheduled for **October 14, 2006,** via closed circuit television and via encrypted satellite signal.  Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

16.  Pursuant to the contract, plaintiff entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons.

17. Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of Texas, which in turn, entered into agreements with plaintiff to exhibit the Program to their patrons.

18.  Upon information and belief, with full knowledge that the Program was not to be

received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

19.     Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

20.   47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

21.   By reason of the aforementioned conduct, the aforementioned defendants willfully violated  47 U.S.C. §605 (a).

22.   By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff has a private right of action pursuant to 47 U.S.C. §605.

23.   As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

24.   Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.


## COUNT II

25.   Plaintiff hereby incorporates paragraphs "1" through "24", inclusive, as though fully

set forth herein.

26.  Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

27.  47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a) .

28.  By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff has a private right of action pursuant to 47 U.S.C. §605.

29.  As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

30.  Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.


## COUNT III

31.  Plaintiff hereby incorporates paragraphs "1" through "30", inclusive, as though fully set forth herein at length.

32.   Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

33.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

34.   Upon information and belief,  the defendants individually,  willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

35.  By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

36.  As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibitions of the **October 14, 2006 UFC 64 EVENT** Program violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b)   On the first cause of action, statutory penalties  in the amount of $110,000.00

as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(c) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(d) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(e) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(C),  together with such other and further relief as this Court may deem just and proper.

Dated:   May 10, 2007
              Ellenville, New York

**JOE HAND PROMOTIONS, INC.**

By:_____

JULIE COHEN LONSTEIN
Attorney for Plaintiff
N.Y.S. Bar Roll No. #2393759
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill : P.O. Box 351
Ellenville, NY  12428
Telephone:  (845) 647-8500
 Facsimile:  (845) 647-6277
 Email: Info@signallaw.com
*Our File No. 06-16TX-W01*